[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Larry P. Raymer appeals pro se from the trial court's order, entered on February 26, 2003, overruling his "Application for Relief of Disability" under R.C. 2923.14.
 {¶ 3} He argues that because the Ohio Adult Parole Authority, acting pursuant to R.C. 2967.16, had restored his rights and privileges forfeited as the result of his 1984 felony conviction, effective August 28, 1986, the state cannot now prohibit him from acquiring, having, or using firearms. We disagree.
 {¶ 4} Contrary to Raymer's argument, restoration of a convicted felon's firearm privileges is not mentioned in R.C. 2961.01, in R.C.2967.16, or in his final release by the Adult Parole Authority. Those privileges are set forth in R.C. 2923.14. We agree with the state's argument that, in applying the General Assembly's guidelines and the procedure for granting relief from the disability due to a felony conviction, the trial court did not abuse its discretion in denying Raymer's application, as he had not "led a law-abiding life since his discharge or release." R.C. 2923.14(D)(2).
 {¶ 5} Furthermore, when Raymer filed his application, his mailing address was (and still is) a federal correctional facility in Manchester, Kentucky. Accordingly, he was not eligible for relief from the disability because R.C. 2923.131(B) provides that a person under detention at a detention facility, as defined in 2921.01(F), shall not possess a deadly weapon.
 {¶ 6} Therefore, the judgment of the trial court is affirmed.
 {¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.